IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL L. JACKSON, III,

    Defendant.

Case No. 15-CR-30120-SMY

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Michael L. Jackson's Motion to Transfer to the East St. Louis Division (Doc. 48).  Defendant's Counsel asserts that the assignment of this matter to the undersigned and holding trial in Benton, Illinois would be inconvenient for the witnesses and the Defendant's family.

The Sixth Amendment requires that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury "of the State *and district* (emphasis added) wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const. Amend. VI.  The United States District Court for the Southern District of Illinois has no divisions pursuant to 28 U.S.C. § 93.  As such, there is no distinction between the courthouses located in E. St. Louis and Benton for purposes of a defendant's Sixth Amendment rights.

Federal Rule of Criminal Procedure 18 provides that a court "must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18.  "A trial court has broad discretion in deciding where to fix the location of the trial which will not be overridden on

appeal as long as the court gives 'due consideration' to the factors listed in Rule 18." *United States v. Balistrieri*, 778 F.2d 1226, 1229 (7th Cir. 1985) (citing *United States v. Truglio,* 731 F.2d 1123, 1130 (4th Cir.1984).

Pursuant to Rule 18, the Court must weigh the convenience of the Defendant and his witnesses against the prompt administration of justice and the Court's inherent power to manage itself, its resources and its caseload as it sees appropriate. The convenience of the Defendant was not addressed in Defendant's Motion. Likewise, there were no specifics as to how the witnesses may be affected by the current location of the case. It was merely suggested in Defendant's Motion that it would be easier for the witnesses to travel to E. St. Louis instead of Benton. The prompt administration of justice requires that the trial of this case remain in the Benton. The undersigned's duty station and essential chambers staff are located in Benton and it is impracticable and not in the interest of the prompt administration of justice to relocate. Accordingly, Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

**DATE: _____**            **s/_____.**
                                                            **STACI M. YANDLE**
                                                            **DISTRICT JUDGE**